NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2437

_____

BRARAILTY DOWDELL,

Appellant

v.

COMMUNITY COLLEGE OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. A. No. 2:15-cv-06806)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted Under Third Circuit LAR 34.1(a)
March 15, 2018

Before: JORDAN, SHWARTZ, and KRAUSE, *Circuit Judges*

(Opinion filed: March 22, 2018)

_____

OPINION*

_____

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

In this failure-to-hire case, Brarailty Dowdell appeals the District Court's order granting summary judgment in favor of his former employer, the Community College of Philadelphia, on his claims of race and gender discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Because we agree with the District Court that Dowdell did not meet his burden to establish a prima facie case of discrimination, we will affirm.

## I.      Background

In 2014, Dowdell, an African American male, applied for a full-time faculty position at the College as an English Generalist—a position that required a "Master's or Ph.D. degree in English, Composition, or [a] closely-related field." App. 153. The College further defined a "closely-related field" to mean at least eighteen credits in "advanced study in language, literature, developmental English or reading." App. 157.

In Dowdell's case, his application reflected a B.A. in English and a Master's of Science in "Screenwriting/Film." App. 203. At the initial screening stage, the Human Resource Department noted on Dowdell's application that he "[m]ay meet minimum qualifications," App. 231, and after the first round of interviews, the Hiring Committee recommended Dowdell and twelve other candidates for a second interview. After the second-round interview, the English Department Chair, who had not yet reviewed Dowdell's transcript, recommended to the Vice President of Academic Affairs, Dr. Judith Gay, and the Dean of Liberal Studies, Dr. Sharon Thompson, that Dowdell progress to the next round of interviews, as he appeared to "have the qualifications that we are

2

seeking." App. 248. In preparation for the third round of interviews, however, Dr. Gay and Dr. Thompson realized in reviewing Dowdell's transcript that his degree was not in "Screenwriting/Film," but in only "Film," which likely had not required advanced study in language, literature, developmental English, or reading. As Dowdell's third-round interview was already scheduled, they proceeded to hold it, afterwards attempting to ascertain whether Dowdell might yet be qualified by obtaining and reviewing the actual course descriptions of the Film classes on his transcript. At the interview, Dr. Gay and Dr. Thompson had noted that Dowdell had difficulty describing developments in the English discipline, and upon review of his transcript, they confirmed he lacked eighteen credits in "advanced study in language, literature, developmental English or reading." App. 157. Having concluded Dowdell lacked the requisite degree in a "closely-related field," App. 157, they did not recommend him for hire.

Dowdell then filed suit, asserting claims of race and gender discrimination under Title VII and 42 U.S.C. § 1981. The District Court granted summary judgment in favor of the College on the ground that Dowdell had not established a prima facie case of discrimination because he did not meet the minimum qualifications for the position.

## II.    Discussion[1]

We review the District Court's grant of summary judgment de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). Summary judgment is

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

3

appropriate where the moving party has established that "there is no genuine dispute as to any material fact" and, viewing the facts in the light most favorable to the non-moving party, "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

Discrimination claims under Title VII and § 1981 are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017). Under that framework, the plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). In a failure-to-hire case, the plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subjected to adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). We agree with the District Court that Dowdell's prima facie case fails on the second prong of the test.[2]

The second prong of the *McDonnell Douglas* test requires that the plaintiff show he was "sufficiently qualified to be among those persons from whom a selection, to some

---

[2] In its thorough and detailed opinion, the District Court also explained why Dowdell had not satisfied the fourth prong of the test—a showing that the circumstances give rise to an inference of discrimination—and why, even if he had established a prima facie case, Dowdell could not show pretext. We agree with the District Court's analyses in these respects as well, noting, as did the District Court, that the statistical evidence presented by Dowdell shows that the College hired comparatively greater numbers of African American males than the proportion of African American males in the applicant pool.

extent discretionary, would be made." *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 523 (3d Cir. 1992), *as amended* (Feb. 1, 1993) (citation omitted).  Dowdell argues that he was qualified for the position because he demonstrated that he was a part-time employee of the English Department, he was advertised by the College in a poster as "[a]ccomplished [f]aculty," App. 394**,** and he was highlighted by the College in a report submitted for accreditation.  He also points to the fact that the English Department Chair initially identified him as "qualif[ied]" to Dr. Gay and Dr. Thompson.  App. 248.

Dowdell's arguments are unavailing.  It is clear that Dowdell did not possess the necessary credentials required by the College for the English Generalist position: a Master's or Ph.D. in English, Composition, or a "closely-related field" involving "advanced study in language, literature, developmental English or reading."  App. 157.  Contrary to his initial representations, Dowdell's Master's degree was not in "Screenwriting/Film" but simply in "Film," and did not include at least eighteen credits in graduate courses that devote significant attention to the English language.  Even Dowdell does not attempt to argue that he satisfied the eighteen-credit threshold.

Instead, he points to his "[a]ccomplished [f]aculty" designation, App. 394, his feature in an accreditation report, and the English Department Chair's determination, before reviewing his transcript, that he appeared qualified.  But none of these circumstances changes the fact that Dowdell did not meet the minimum educational

5

standards required for this position and therefore failed to establish a prima facie case under *McDonnell Douglas*.[3]

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] While Dowdell also argues that the District Court erred in relying on the College's subjective testimony regarding the eighteen-credit standard, the District Court correctly characterized this argument as a "red herring, as [Dowdell] has failed to present factual support . . . that, in his own subjective opinion, he has more than eighteen requisite graduate credits to support that he is qualified for the English Generalist position." *Dowdell v. Cmty. Coll. of Phila.*, No. 15-6806, 2017 WL 2506444, at *7 n.15 (E.D. Pa. June 9, 2017).